The majority in this matter enforces the Form 30 agreement in question. I respectfully dissent.
The circumstances surrounding the signing of the Form 30 in this case bear examination. At the time of her husband's death, plaintiff Ruth Stephens was physically disabled from work and had been receiving Social Security disability benefits. She was also functionally illiterate. The Form 30 provided by the insurance adjuster was the 1979 version, which did not address the issue of lifetime benefits, as opposed to the 1992 version, that does. Plaintiff's attorney at the time, Ray Rankin, prepared an addendum to the Form 30 with the contention that the plaintiff Ruth Stephens was entitled to lifetime benefits due to her physical disability at the time of her husband's death. Plaintiff Ruth Stephens signed this addendum. The Form 30 and the addendum were then sent to the defendant-carrier, where the claims adjuster unilaterally removed the addendum. The Form 30 sans addendum was then submitted by the carrier to the Industrial Commission and approved by Pat Benton, then the Industrial Commission's Chief Claims examiner. Notwithstanding attorney Rankin's egregious yet passive conduct in this case, the defendant-carrier actively undertook to use an 11-year-old form and then altered that agreement by removing an addendum vital to the plaintiff's acquiescence.
The circumstances surrounding the execution of the so-called "agreement" in this case are egregious. The insurance carrier used an out-of-date Form 30 that did not contemplate lifetime rights. Was it a coincidence that this outdated form was used in a case that involved lifetime rights? Furthermore, the carrier unilaterally altered the agreement (removing the portion that addressed lifetime rights) after the illiterate plaintiff had signed it. It must be assumed that plaintiff Ruth Stephens would not have signed the 1992 Form 30 (the current version at the time of execution) if lifetime rights were not addressed on that form. It must be assumed that plaintiff Ruth Stephens would not have signed the outdated Form 30 she did sign had the addendum not been attached. There was never a meeting of the minds on the content of the Form 30 executed. The carrier knew of plaintiff's disability when they removed the addendum from the agreement and submitted the Form 30, knowing the plaintiff had signed it under the misapprehension that it was part of the deal. To take advantage of a disabled widow in this way is reprehensible. Equity screams for a result contrary to the majority's.
The equities demand that this matter be remanded to a Deputy Commissioner for a determination of the lifetime rights issue, with the appeal period for this Form 30 tolled.
For the above reasons I respectfully dissent.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER